IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

IRONHORSE ENTERPRISES, LLC                                                                PLAINTIFF

4:17-CV-00444-BRW

SOUTHERN SPECIALTIES
TRANSPORTATION, LLC                                                                     DEFENDANTS

## ORDER

Pending is Defendant's Motion for Reconsideration (Doc. No. 19). Plaintiff has responded.[1] For the reasons set out below, the Motion for Reconsideration is GRANTED. Accordingly, the October 27, 2017 Order (Doc. No. 18) is VACATED, and Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 9) is GRANTED.

### I.     BACKGROUND

According to the Complaint, Plaintiff is an Arkansas limited liability company authorized to do business in Arkansas. Defendant is a Louisiana limited liability company that is registered to do business in Oklahoma. The lawsuit is based on an alleged breach of contract for work to be done in Oklahoma.

### II.    DISCUSSION

On October 27, 2017, I denied Defendant's Motion to Dismiss for Lack of Personal Jurisdiction after finding that Defendant had purposely conducted activities in Arkansas (though very limited) <u>and</u> Defendant's CFO is the registered agent for process, who has an Arkansas address for service. Defendant contends that the ruling was erroneous because "registering to do business in Arkansas alone does not create a basis for personal jurisdiction."[2] As previously

---

[1]Doc. No. 23.

[2]Doc. No. 19-1.

noted, Defendant was registered to do business <u>and</u>, in fact, did business in Arkansas. However, after reviewing the submissions again, I believe Defendant had insufficient contacts to permit personal jurisdiction.

Plaintiff argues that Defendant is present in and has done business in Arkansas. However, it is undisputed that the only business Defendant ever did in Arkansas involved "two disposals of materials for customers in January and February" of 2017.[3] This did not involve Plaintiff. So, Defendant's contacts with Arkansas have no connection to the claims in this case.

Plaintiff also points out that "most of the negotiations with the Plaintiff took place in Arkansas through the use of multiple phone calls initiated by Defendant as well as emails and text messages."[4] However, it is well established that these types of "contacts" alone are insufficient to establish personal jurisdiction.[5]

Importantly, no in-person negotiations occurred in Arkansas; the agreement between the parties did not involve Arkansas; and the property at issue is not in Arkansas. In fact, the only connection between this case and Arkansas is the fact that it is the state where Plaintiff resides.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Reconsideration (Doc. No. 19) is GRANTED and this case is DISMISSED.

IT IS SO ORDERED this 2nd day of January, 2018.

/s/ Billy Roy Wilson _____
UNITED STATES DISTRICT JUDGE

---

[3]Doc. No. 9-2.

[4]Doc. No. 23.

[5]*Tutu Couture, Inc. v. SML Sport LLC*, No. 5:12-CV-05195, 2013 WL 395711, at *6 (W.D. Ark. Jan. 31, 2013) ("[N]o personal jurisdiction exists if the connection between a defendant and the forum state is limited to emails, calls, and faxes sent back and forth between the parties in furtherance of a contract.") (citing cases).